IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESURANCE INSURANCE SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| Jennifer Tucker,<br>*SERVE AT*:<br>2905 W. 20th Street,<br>Granite City, IL 62040 | ) Case No:   3:21-cv-01226 ) ) ) ) |
| and | ) ) |
| United Auto Delivery and Recovery, Inc.,<br>*SERVE REGISTERED AGENT*:<br>Corporation Service Company<br>2908 Poston Ave.,<br>Nashville, TN 37203-1312 | ) ) ) ) ) ) |
| and | ) ) |
| Bridgecrest Credit Co., LLC.,<br>*SERVE REGISTERED AGENT*:<br>Corporation Service Company<br>8825 N. 23rd Ave., Ste. 100<br>Phoenix, AZ 85021 | ) ) ) ) ) ) |
| and | ) ) |
| Frank H. Smith,<br>*SERVE AT*:<br>1245 Forrest Trails Court,<br>Fenton, MO 63026 | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, ESURANCE INSURANCE SERVICES, INC. ("ESURANCE"), by

and through its undersigned attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for its Complaint for Declaratory Judgment, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times, ESURANCE is a corporation, incorporated under the laws of the State of Delaware, with its principal place of business at 650 Davis Street, in San Francisco, California. Therefore, ESURANCE is a citizen of Delaware and California.

2. Upon information and belief, at all relevant times, Defendant, Jennifer Tucker ("Tucker"), is a natural person and a citizen of the State of Illinois, residing at 2905 W. 20th Street, Granite City, IL 62040.

3. Upon information and belief, at all relevant times, Defendant, United Auto Delivery and Recovery, Inc. ("United Auto"), is a corporation incorporated under the laws of the State of Tennessee and, therefore, is a citizen of Tennessee, with its principal office located at 311 Moore Ln., in Collierville, TN 38017.

4. Upon information and belief, at all relevant times, Defendant, Frank H. Smith ("Smith"), is a natural person and a citizen of the State of Missouri, residing at 1245 Forrest Trails Court, Fenton, MO 63026, and at all times relevant was employed by Defendant, United Auto Delivery and Recovery, Inc.

5. Upon information and belief, at all relevant times, Defendant, Bridgecrest Credit Company, LLC ("Bridgecrest"), is a limited liability corporation formed under the laws of the State of Arizona and each of its members, Clay Scheitzach, Mary Leigh Phillips, Daniel Gaudreau and Silver Rock Group, Inc., are citizens of the State of Arizona, each listing 1720 West Rio Salado Parkway, in Tempe, AZ 85281, as their address. Thus, based on information

and belief, Defendant, Bridgecrest Credit Company, LLC is a citizen of Arizona.

6. Lindsey Consentino ("Consentino"), a natural person and citizen of the State of Missouri, purchased a Missouri personal automobile insurance policy ("the subject policy") from ESURANCE, on or about June 18, 2018, covering a 2015 Acura ILX (VIN No. 19VDE1F39FE009427).

7. On January 28, 2021, Defendant, Tucker filed her Fifth Amended Complaint in the Circuit Court of Madison County, Illinois, Case No. 19-L-184, entitled *Jennifer Tucker v. Frank H. Smith, et. al*, directed against Defendants Smith, United Auto, Bridgecrest, and ESURANCE ("the underlying litigation"), arising out of a motor vehicle incident that allegedly occurred on August 23, 2018. (See attached, Ex. 1.)

8. In the underlying litigation, Defendant, Tucker alleges Defendant Smith was towing a vehicle, a 2015 Acura ILX (VIN No. 19VDE1F39FE009427), that he repossessed from Ms. Consentino, on behalf of his employer, Defendant, United Auto, which entity was directed to repossess the vehicle by Defendant, Bridgecrest, the alleged lienholder of the repossessed vehicle.

9. While operating the tow truck owned by his employer, which was towing the repossessed 2015 Acura ILX, Defendant, Smith, while in the course and scope of employment, collided with the rear of a school bus operated by Defendant, Tucker, allegedly causing injury and damages.

10. In the underlying litigation, Defendant, Tucker, alleges that, by towing the repossessed vehicle, Defendant, Smith was *using* the towed vehicle, which was under his control, and that coverage should exist under the Missouri personal policy of insurance,

purchased by Ms. Consentino.

11. In the underlying litigation, Defendant, Tucker asserted Count VIII—Declaratory Judgment against Plaintiff, ESURANCE, seeking coverage for the above-described accident.

12. In the underlying litigation, ESURANCE filed an Answer and Affirmative Defenses in response to the Count directed against it, alleging there was no coverage for the claim asserted, in that there was no coverage for the subject accident, based on the policy language and Missouri Law.

13. In the underlying litigation, ESURANCE also filed a motion to sever the Declaratory Judgment claims from the remainder of the suit.

14. In response to the motion to sever, Defendant, Tucker dismissed her claims against ESURANCE in the underlying suit, without prejudice, and ESURANCE was dismissed from that case on September 17, 2021. The controversy concerning the parties' rights and obligations under the subject policy remains unresolved.

15. Resolution of the matters raised in this Declaratory Judgment action would dispose of all issues b, arising out of the policy, between the parties.

16. Defendant, Tucker's claim for damages against ESURANCE in the underlying suit seeks the subject policy's per-person limit of $100,000.00, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

## Jurisdiction and Venue

17. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), in that ESURANCE and the Defendants have diversity of citizenship, and the amount in

controversy exceeds $75,000.00. This is a justiciable matter under 28 U.S.C. §2201(a).

18.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(c) as the motor vehicle accident giving rise to the underlying litigation occurred in Illinois.

19.     ESURANCE requests that this Court declare there is no coverage for the claims of the Defendants in that Defendant, Smith was not a permissive user of Ms. Consentino's vehicle, and Defendants Frank Smith and United Auto do not qualify as insureds under the subject policy, and the underlying loss is excluded by the subject policy.

20.     An actual controversy exists between Plaintiff, ESURANCE and the named Defendants, and the actual controversy herein is justiciable and dependent upon the construction of an insurance policy.

21.     Resolution of the matters raised in this Complaint for Declaratory Judgment would dispose of all issues between the parties, arising out of the policy.

## THE SUBJECT AUTOMOBILE INSURANCE POLICY

22.     Ms. Consentino purchased an ESURANCE personal automobile policy in 2018, listing her address as 17 N. Iola, in Saint Louis, Missouri.

23.     The associated policy number was PAMO7680850 and it carried a bodily injury liability limit of $100,000.00, per person, and the policy's effective dates were from June 20, 2018, through December 20, 2018.

24.     The Subject Policy contains the following pertinent terms (See policy, labeled Exhibit 2):

\*\*\*

**INSURING AGREEMENT**

When *"we"* agree to issue this policy, and when *"we"* agree to renew this policy, *"we"* rely upon the truth and accuracy of the information *"you"* provide to *"us"* and the representations made by *"you"* in *"your"* Application for this insurance and at the time of each renewal. *"Your"* Application, the policy terms and conditions, all other forms *"we"* provide to *"you"*, and Endorsements issued by *"us"*, are part of, and form, *"your"* policy. The duties and obligations imposed by this policy shall be binding upon *"you"*, *"family members"*, and other persons seeking coverage or benefits under this policy.

In return for *"your"* premium payment, *"we"* agree to insure *"you"* subject to all the terms of this policy as follows:

DEFINITIONS APPLICABLE TO ALL COVERAGES

The following definitions in their singular, plural, and possessive forms apply throughout this policy when printed in *"boldface italics within quotation marks"*.

1. *"You"* and *"your"* refer to:

    A. The named insured(s) shown on the Declarations page;

\*\*\*

2. *"We"*, *"us"*, and *"our"* refer to the Company providing this insurance, as shown on the Declarations page.

3. *"Accident"* means a sudden, unexpected, and unintended event.

4. *"Auto"* means a land motor vehicle:

    A. Registered under the applicable motor vehicle laws;

    B. Designed principally for operation upon public roads:

\*\*\*

5. *"Bodily Injury"* means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

6. *"Business"* includes trade, profession, or occupation.

7. *"Covered Auto"* means:

    A. Any vehicle identified on *"your"* Declarations page;

\*\*\*

10. *"Loss"* means:

    A. Sudden, direct, and unintended physical damage; or

    B. Theft.

\*\*\*

PART I: LIABILITY COVERAGE

\*\*\*

INSURING AGREEMENT:

Subject to the Limits of Liability, *"we"* will pay damages for *"bodily injury"* and *"property damage"* for which any *"insured"* becomes legally responsible because of an auto *"accident"*. *"We"* will settle or defend as *"we"* deem appropriate, any claim or lawsuit. However, *"we"* will not pay for punitive or exemplary damages under **Part I**. In addition to *"our"* limit of liability, *"we"* will pay costs *"we"* incur when *"we"* defend an *"insured"*. *"Our"* duty to settle or defend ends when *"our"* limit of liability for this coverage has been exhausted by payment of judgments or settlements, or the limit is paid into a court that has jurisdiction. *"We"* have no duty to defend any lawsuit

or settle any claim for *"bodily injury"* or *"property damage"* not covered under this policy.

ADDITIONAL DEFINITIONS FOR PART I: LIABILITY COVERAGE

1. *"Insured"* as referred to in **Part I** means:

    A. *"You"*; or any *"family member"* for the ownership or operation of any *"auto"* or trailer while towed by or attached to a covered *"auto"*;

    B. Any person using a *"covered auto"* with permission from *"you"* or a *"family member"*;

    C. For a *"covered auto"*, any person or organization but only with respect to vicarious responsibility for acts or omissions of an insured person described in **1.A.** or **1.B.**, above; or

    D. For any *"auto"* or *"trailer"* other than a *"covered auto"*, any other person or organization but only with respect to vicarious responsibility for the acts or omissions of *"you"* or a *"family member"*. This Provision **1.D.** applies only if the person or organization does not *"own"* or hire the *"auto"* or *"trailer"*.

\*\*\*

EXCLUSIONS FOR PART I: LIABILITY COVERAGE

(Read carefully. If any of the exclusions below apply, coverage will not be afforded under Part I.)

1. *"We"* have no duty to defend and do not provide Liability Coverage for any *"insured"*:

\*\*\*

- F. For that *"insured's"* liability arising out of the ownership or operation of any vehicle while it is used as a public livery or conveyance, or used to carry property for compensation or a fee. This Exclusion **1.F.** applies to, but is not limited to, the delivery of magazines, newspapers, food or any other products. However, this Exclusion **1.F.** does not apply to shared-expense car pools.

- G. While employed or otherwise engaged in the **"business"** of:
    - (1) Selling;
    - (2) Leasing;
    - (3) Repairing;
    - (4) Testing;
    - (5) Servicing;
    - (6) Storing;
    - (7) Parking;
    - (8) Cleaning;
    - (9) Delivering;

    Vehicles designed for use mainly on public highways.

    This Exclusion **1.G.** does not apply to the ownership, maintenance, or use of a *"covered auto"* by:

    (1) *"You"*; or

    (2) Any *"family member"*.

    H.    Maintaining or using any vehicle while that *"insured"* is employed or otherwise engaged in any *"business"* (other than farming or ranching). This Exclusion **1.H.** does not apply to business use of a *"covered auto"* by an *"insured"* that has been disclosed to *"us"* and for which all applicable premiums have been paid.

    I.    Using a vehicle without permission of its *"owner"* to do so. This Exclusion **1.I.** does not apply to a *"family member"* using a *"covered auto" "owned"* by *"you"*.

\*\*\*

3. *"We"* will not pay for punitive or exemplary damages under this **Part I**.

4. If a court with proper jurisdiction determines that an exclusion is invalid or unenforceable because it does not satisfy the minimum requirements of the Missouri Motor Vehicle Financial Responsibility Law, the exclusion will apply to the extent that the limits of liability for this coverage exceed the *"minimum limits"*.

\*\*\*

**OTHER INSURANCE**

If there is other applicable liability insurance available under one or more policies or provisions of coverage, *"we"* will pay only *"our"* share of the damages. *"Our"* share is the proportion that *"our"* limit of liability bears to the total of all applicable limits. However, any insurance *"we"* provide for a vehicle *"you"* do not *"own"*, including any temporary substitutes, shall be excess over any other collectible insurance, self-

insurance, or bond.

\*\*\*

## COUNT I - DECLARATION THAT DEFENDANT FRANK SMITH AND DEFENDANT UNITED AUTO DO NOT QUALIFY AS INSUREDS AND THERE IS NO COVERAGE AVAILABLE UNDER THE SUBJECT AUTO POLICY FOR THE UNDERLYING LOSS

25. Plaintiff incorporates each and every allegation contained in ¶¶ 1 through 24, as if fully set forth and restated herein, verbatim.

26. The policy's insuring agreement indicates, "Subject to the Limits of Liability, *we* will pay damages for *bodily injury* and *property damage* for which any *insured* becomes legally responsible because of an auto *accident.*"

27. The subject Acura was not being used by an *insured* at the time of the accident.

28. As the policy language quoted above demonstrates, an unnamed driver can qualify as an insured under the policy, as the definition of *insured* includes, "Any person using a *covered auto* with permission" from the named insured or a family member.

29. Defendants Smith and United Auto did not have Ms. Consentino's permission to use the Acura, rather, they repossessed the Acura.

30. Merriam-Webster dictionary defines *repossessed* in the following manner, "to regain possession of; to take possession of (something bought) from a buyer in default of the payment of installments due."

31. Because Defendant, Smith and Defendant, United Auto were taking possession of the Acura, *without permission* from the named insured, Ms. Consentino, they do not qualify as insureds under the subject policy.

32. Because they do not qualify as insureds under the policy, there is no coverage available to Defendants Smith and United Auto, based on the policy's insuring agreement.

33. Thus, Plaintiff, ESURANCE, owes no coverage for defense or indemnity to the other parties to this case, flowing from the underlying motor vehicle accident.

WHEREFORE, having fully set forth COUNT-I of its Claim for Declaratory Judgment, Plaintiff, ESURANCE INSURANCE SERVICES, INC., respectfully requests that this Court enter a Declaratory Judgment and equitable decree indicating the following:

(a) That ESURANCE INSURANCE SERVICES, INC., has no duty to defend, nor to indemnify the named Defendants, under the policy issued to Lindsey Consentino, numbered PAMO7680850, for damages flowing from the subject motor vehicle accident;

(b) For such other and further relief as this Court deems just and proper.

## COUNT II- DECLARATION THAT COVERAGE FOR THE UNDERLYING LOSS IS EXCLUDED BY THE SUBJECT AUTO POLICY

34. Plaintiff incorporates each and every allegation contained in ¶¶ 1 through 33, as if fully set forth and restated herein, verbatim.

35. As described in the portion of the policy quoted above, certain exclusions appear in the subject policy.

36. The policy indicates ESURANCE has, "no duty to defend and [does] not provide Liability Coverage for any insured": "who is employed or otherwise engaged in business," nor while employed or otherwise engaged in the business of "delivering vehicles designed for use mainly on public highways."

37. Arguing alternatively, even if Defendants Smith and United Auto qualified as insureds (they do not), there is no coverage available to an insured who is engaged in employment activities or business at the time of the loss.

38. There is no dispute that Defendants Smith and United Auto were employed in the business of repossessing Ms. Consentino's Acura at the time of loss, barring coverage for the subject accident.

39. Additionally, the policy contains an exclusion for using a vehicle without permission of its owner to do so.

40. As discussed more fully in Count I, Defendants Smith and United Auto were taking possession of the vehicle from Consentino and were not using the Acura with her permission.

41. Under the circumstances, any coverage for the underlying accident would be excluded by the clear terms of the policy.

WHEREFORE, having fully set forth COUNT-II of its Claim for Declaratory Judgment, Plaintiff, ESURANCE INSURANCE SERVICES, INC., respectfully requests that this Court enter a Declaratory Judgment and equitable decree indicating the following:

(a) That the policy issued to Lindsey Consentino, numbered PAMO7680850, specifically excludes coverage for accidents that occur when the insured is employed or engaged in business and for an insured using a vehicle without the owner's permission. Finding that either one or both of the exclusions apply, ESURANCE INSURANCE SERVICES, INC., has no duty to defend, nor to indemnify the Defendants for damages flowing from the underlying motor

        vehicle accident;

(b)    For such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        ESURANCE INSURANCE SERVICES, INC.

By:  /s/Beth C. Boggs
     Beth C. Boggs, #43089
     BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
     9326 Olive Blvd., Suite 200
     St. Louis, MO 63132
     (314) 726-2310 Telephone
     (314) 726-2360 Facsimile
     bboggs@balblawyers.com
     **Attorneys for Plaintiff**

Z:\LOK_data\2300\043\FED. Complaint DJ.docx\BCB\smr