IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESURANCE INSURANCE SERVICES, INC., | |
| **Plaintiff,** | |
| v. | Case No. 21-CV-01226-SPM |
| JENNIFER TUCKER, UNITED AUTO DELIVERY AND RECOVERY, INC., BRIDGECREST CREDIT CO., LLC, and FRANK H SMITH, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are two Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction filed by Defendants Jennifer Tucker and Bridgecrest Credit Co., LLC (Docs. 13, 24). For the reasons set forth below, the Court grants the motions.

This action centers around a Madison County, Illinois state court case involving a car accident and commenced with Plaintiff Esurance Insurance Services, Inc.'s Complaint seeking declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (Doc. 1). Tucker asserted a declaratory judgment claim against Esurance in state court, alleging that Defendants Frank H. Smith and United Auto Delivery and Recovery, Inc. were "permissive users" of a vehicle involved in the accident and insured by Esurance, and thus Esurance's policy covered Smith

and United Auto (*Id.* at 3-4). Tucker later dismissed that declaratory judgment claim against Esurance (*Id.* at 4).

Esurance now seeks a declaratory judgment in this Court affirming that it has no duty to defend or indemnify Smith and United Auto. Esurance also seeks affirmation that Smith and United Auto do not qualify as insureds under its policy and there is no coverage for the loss.

The Declaratory Judgment Act limits issuance of a declaratory judgment to cases "of actual controversy." 28 U.S.C. § 2201(a). Cases "of actual controversy" in the Act "refer[] to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  If no controversy exists between the parties regarding the subject on which declaratory judgment is sought, the court lacks subject matter jurisdiction. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937).

Tucker and Bridgecrest ask the Court to dismiss the action under FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because Esurance failed to state a true case or controversy. Tucker and Bridgecrest, pointing to Esurance's Complaint, state that Tucker dismissed her state court declaratory judgment claim against Esurance, meaning there is no actual controversy pending between Esurance and any party (Doc. 13, p. 3; Doc. 14, p. 5). Esurance claims that it filed a motion to sever its insurance dispute from the tort claims in the state court case, which prompted Tucker to dismiss her claims against Esurance without prejudice. Esurance alleges that because the insurance dispute on coverage was not addressed, there is still an adversarial conflict that has not been resolved (Doc. 14, p. 3; Doc. 25, p. 3-4).

No claim or suit is active against Esurance as this action sits before the Court. "Ripeness and other justiciability requirements bar a federal court from deciding a question that depends on so many future events that a judicial opinion would be 'advice about remote contingencies.'" *Amling v. Harrow Industries LLC*, 943 F.3d 373, 378 (7th Cir. 2019). A declaratory judgment "may not be a medium for securing an advisory opinion in a controversy which has not arisen." *Coffman v. Breeze Corps.*, 323 U.S. 316, 324 (1940). While it is possible that Esurance could be part of this suit again in the future, there is no real dispute at the moment and any chance that there will be a dispute is incredibly speculative. Furthermore, rendering judgment on the coverage issue would be the quintessence of an advisory opinion. Accordingly, Esurance's Complaint fails to elicit the Court's subject matter jurisdiction.[1]

Additionally, under the Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction exists. 28 U.S.C. § 2201(a); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494 (1942). In the Declaratory Judgment Act, Congress "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995). When declaratory relief is sought, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* Using its sound discretion, a district court may abstain from exercising jurisdiction if the declaratory judgment

---

[1] Bridgecrest also asserts that Esurance's Complaint failed to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). The Court will not address this argument because it lacks subject matter jurisdiction.

"will serve no useful purpose." *Id.* Given the particular facts of this case, the Court would be hesitant to proceed with litigation because, again, there is no claim against Esurance. Issuing a declaration, after the devotion of both judicial and party resources, that would provide no concrete benefit to either party is not an efficient way to proceed. What is more, absent federal intervention, the question likely could be answered in the ordinary course of the ongoing state litigation if Esurance did become a party again.

### CONCLUSION

For the reasons set forth above, Defendant Jennifer Tucker and Bridgecrest Credit Co., LLC's Motions to Dismiss (Docs. 13, 24) are **GRANTED**. This case is **DISMISSED without prejudice**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:  April 27, 2022**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**